**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.                                              No. 01-4279

CHARLES R. HUDSON, IV,
        *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert E. Payne, District Judge.
(CR-00-92)

Submitted: October 18, 2001

Decided: October 29, 2001

Before MOTZ and GREGORY, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

## COUNSEL

Steven D. Goodwin, GOODWIN, SUTTON & DUVAL, Richmond,
Virginia, for Appellant. Kenneth E. Melson, United States Attorney,
Greg R. Nivala, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Charles R. Hudson, IV, appeals from the district court's order revoking his probation and imposing a twenty-one-month sentence. Hudson's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), stating that there were no meritorious issues for appeal, but addressing the sufficiency of the evidence and the length of the sentence. Hudson filed a supplemental brief also addressing these issues. Because our review of the record discloses no reversible error, we affirm the revocation of Hudson's probation and the sentence imposed.

The evidence presented at the revocation hearing established that, while on probation, Hudson committed a crime and pled guilty to the offense in state court. Additionally, Hudson conceded that he violated the condition of his probation that he not commit a crime. We find that the evidence supports a finding that Hudson violated his probation.

Hudson also challenges the length of the sentence, which exceeded the five-to-eleven month range suggested by the Sentencing Guidelines. *See U.S. Sentencing Guidelines Manual* § 7B1.4(a) (1998). The sentencing ranges in Chapter 7 of the Sentencing Guidelines are not binding on the sentencing court. *United States v. Davis*, 53 F.3d 638, 640-41 (4th Cir. 1995). Rather, upon finding a probation violation, the district court may revoke probation and resentence the defendant to any sentence within the statutory maximum for the original offense. 18 U.S.C.A. § 3565(a) (West 2000); *United States v. Schaefer*, 120 F.3d 505, 507 (4th Cir. 1997). Because the district court imposed a sentence within the five-year maximum for Hudson's original offense, 18 U.S.C.A. § 152 (West 2000), we find no abuse of discretion.

As required by *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm the district court's order revoking Hudson's probation and imposing a twenty-one-month sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*